IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30617
_____


In The Matter Of: TGX CORPORATION,

                    Debtor.

------------------------------

T G X CORPORATION,

                                        Appellant,

                    versus

VANNIE MORGAN EDWARDS; HUEY L. ACHORD;
PAULINE PARTIN ACHORD; IRIS VOYLES ALLGOOD;
KIMBERLY JENKINS BARTON; JOSEPH F. BERGERON;
DEBRA VOYLES BRADLEY; WILLIAM D. BROWNING;
JO ANN BROWNING CAYER; CENTRAL SUPERMARKET
INCORPORATED; JODIE MAE FRIDGE CRAWFORD;
DENNIS CALVIN DELEE; PATRICIA EDWARDS DELEE;
FAYE DOUCET; JOHNNY ELDER EDWARDS, JR.;
THOMAS A. EDWARDS; PAMELA JENKINS ENRIQUEZ;
ALBERTA EDWARDS FORBES; ANNA EDWARDS
HARDCASTLE; VIRGIL T. JACKSON, JR., Dr.;
GAY E. JUBAN; JOSEPH E. JUBAN; MARTHA M.
JUBAN; MARY ELLEN A. JUBAN; PHILLIP S. JUBAN;
ROBBIE S. JUBAN; RAYE NEYLAND LETEFF;
ROBERT W. LETEFF; LUCILE P. McALLISTER;
MORRIS McALLISTER; CHARLES D. MORGAN, JR.;
EVANDER J. MORGAN; INEZ MOORE MORGAN;
LLOYD MORGAN; ROBERT MOORE MORGAN; ROY SMITH
MORGAN; THERESA BROWNING MUNZEL; LOUIS A.
PERRAULT; RONALD K. PENCE; NORMA RAE LATHAM
SMITH; ABE H. STARKEY; DONNA E. STARKEY;
CYNTHIA VOYLES TILLOTSON; DALE VOYLES;
MONROE D. VOYLES; CAROLYN WAGNER; KENNETH
WAGNER; GAYNELL JUBAN WATSON; WILLIAM E.
WATSON; HAZEL NOBEL WATTS; WILLIAM CYRIL WATTS;
SANDRA VOYLES WEAVER; JOHN R. WHITE, JR.;
CAROLYN EDWARDS WILSON,

Appellees.

---

Appeal from the United States District Court for the
Western District of Louisiana
(97-CV-219)

---

April 17, 1998

Before JOLLY, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

After a review of the record, a study of the briefs, and consideration of the oral arguments presented to the court, we agree with the district court that, for the purposes of 11 U.S.C. § 365(a) of the federal Bankruptcy Code, TGX Corporation had a contractual relationship with the Edwards that was executory at the time it filed for bankruptcy. We further agree with the district court that TGX failed to reject the contract with the Edwards under section 365(a).

Under Louisiana law, the relationship between TGX as operator of the Comite Wells and the Edwards as unleased owners of mineral interests in the Comite Wells was quasi-contractual in nature. The district court found that this relationship implicated duties and obligations for both parties. Although not the typical executory contract under traditional common law contract principles, the equities of this case support the district court's broad

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interpretation of what constitutes an executory contract under section 365.  See Mendoza v. Temple-Inland Mortgage Corp., 111 F.3d 1264, 1270 (5th Cir. 1997) ("[b]ecause of the equitable nature of bankruptcy in seeking a balance between debtors and creditors, bankruptcy courts should be afforded the latitude to fashion remedies they consider appropriate under the circumstances").

By continuing to operate the wells before, during, and after filing for bankruptcy, TGX implicitly assumed its contractual relationship with the Edwards.  This conclusion is bolstered by the fact that TGX assumed its contracts with the leased owners of mineral interests in the wells.  For these reasons, the decision of the district court is

A F F I R M E D.